IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**      CASE NO. 3:23 CR 122

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**EMMANUEL ESSILFIE,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant Emmanuel Essilfie's Motion for Release from Custody. (Doc. 230). The Government filed a Memorandum in Opposition (Doc. 282) and a Supplement (Doc. 314); Defendant filed a Reply (Doc. 292) and supplemental exhibits (Docs. 253 and 301).

For the reasons set forth below, Essilfie's Motion is denied.

## BACKGROUND

Essilfie was charged in a sealed Indictment (Doc. 5) on June 28, 2023. That Superseding Indictment was unsealed September 22, 2023. *Id.* Essilfie was subsequently a fugitive from justice for nearly a year before his arrest in Illinois in September of 2024.

Magistrate Judge Maria Valdez conducted a detention hearing in the Northern District of Illinois at Chicago on September 27, 2024, and ordered Essilfie detained pending trial. (Doc. 162-3). Judge Valdez, paying particular note to the fact that Defendant had, despite being aware of the warrant for his arrest, evaded arrest for nearly an entire year, found the Government had established by a preponderance of the evidence "that there is a serious risk that the defendant would

flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required." *Id.* at 2. Evaluating the 18 U.S.C. § 3142(g) factors, Judge Valdez emphasized (1) Essilfie's lack of stable employment; (2) his history of alcohol and substance abuse; (3) his prior attempt(s) to evade law enforcement; and (4) the fact that he faced deportation following any period of incarceration. *See id.*

### STANDARD OF REVIEW

A defendant may challenge a Magistrate Judge's detention order before a District Judge under 18 U.S.C. § 3145(b). That statute permits a court with "original jurisdiction over the offense" to consider "a motion for revocation or amendment" of the Magistrate Judge's detention order. *Id.* Although there is some dispute on the precise standard of review under that statute in the Sixth Circuit, it appears that *de novo* review for this type of challenge is the majority rule. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) ("In the Sixth Circuit, the district courts have followed various procedures to review a magistrate judge's detention order . . . . The Majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges."); *see also United States v. Beard*, 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021) ("District courts review a magistrate judge's release or detention order *de novo*."); *Yamini*, 91 F. Supp. 2d at 1128 (collecting cases and noting the Second, Third, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits direct district courts to use *de novo* or independent review in these circumstances).[1]

---

1. While the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge", that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is

2

**DISCUSSION**

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)).

As to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). With respect to dangerousness, however, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). In meeting this burden, the Government may proceed by proffer or hearsay. *Id.* at 948-49. In making its determination, the Court must consider certain factors. *See* 18 U.S.C. § 3142(g). Consideration of these factors does not modify or limit the presumption of innocence. *Id.* at 946 (citing 18 U.S.C. § 3142(j)).

In addition to the briefing and additional filings on the instant Motion (Docs. 230, 253, 282, 292, 301, 314), the Court has reviewed the evidence presented at Judge Valdez's detention hearing, including the pretrial services report (Doc. 252) and the transcript of the detention hearing (Doc. 313) as well as the pretrial services report addendum prepared in response to the instant Motion (Doc. 283). Upon that *de novo* review, the Court agrees with and adopts Judge Valdez's Order of Detention (Doc. 162-3) issued September 27, 2024, as its own. The Court finds the Government has established by a preponderance of evidence that no condition or combination of

---

no statutory requirement that the court hold a hearing", and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

conditions would reasonably assure Essilfie's appearance as required. As such, Essilfie shall remain detained pending trial.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Essilfie's Motion for Release from Custody (Doc. 230) be, and the same hereby is, DENIED.

                                                *s/ James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE

Dated: February 21, 2025